**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4294**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARC G. COLLETT,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:16-cr-00008-JPB-MJA-1)

Submitted:  January 4, 2019                              Decided:  January 16, 2019

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Traci Michelle Cook, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM*:*

Marc G. Collett pleaded guilty to uttering counterfeit obligations or securities and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2, 472 (2012). The district court sentenced Collett to 21 months of imprisonment and 3 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. However, counsel questions whether the district court erred in applying a two-level enhancement for an aggravating role in the offense and whether counsel rendered ineffective assistance in advising Collett to accept a nonbinding plea agreement. We affirm the conviction and sentence.

Counsel's *Anders* brief questions whether the district court erroneously found that Collett was the leader of his codefendants as they engaged in their criminal activities. In assessing a leadership enhancement, the district court relied on two factors. First, Collett produced the counterfeit currency and directed how and where the currency would be used. Second, one of Collett's codefendant's indicated during questioning by investigators that he continued participating in the conspiracy because he was afraid of Collett.

The district court's imposition of a role adjustment is a factual determination that we review for clear error. *United States v. Kellam*, 568 F.3d 125, 147-48 (4th Cir. 2009). The relevant Sentencing Guideline provides, "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [USSG § 3B1.1(a) or (b)], increase by 2 levels." U.S. Sentencing Guidelines Manual § 3B1.1(c) (2015). "In

2

cases where this Court has affirmed the application of an aggravating role adjustment under USSG § 3B1.1(b), there existed on the record evidence that the defendant actively exercised some authority over other participants in the operation or actively managed its activities." *United States v. Slade*, 631 F.3d 185, 190 (4th Cir. 2011). We conclude that a § 3B1.1(c) enhancement can be supported by similar evidence.

Collett not only exercised control over the creation of the counterfeit currency, but also over how and where it would be used. In addition, the statement by his codefendant that he feared Collett indicates that Collett exercised control over his codefendants beyond merely directing their actions. Given the facts of this case, we find no error in the district court's conclusion that Collett took a leadership role in the criminal enterprise.

Counsel also questions whether counsel was ineffective in advising Collett to accept a nonbinding plea agreement in light of the district court's decision to deviate from the parties' recommendations in the plea agreement.* Collett's counsel asserts that Collett would not have accepted the plea agreement had he known the district court would not follow its recommendations.

As a general rule, ineffective assistance of counsel claims may not be raised on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012)

---

* Collett was represented by the same attorney in the district court and on appeal.

to permit sufficient development of the record. *Id.* at 508. Whether counsel provided ineffective assistance is not conclusively demonstrated by the record on appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Collett's conviction and sentence. This court requires that counsel inform Collett, in writing, of the right to petition the Supreme Court of the United States for further review. If Collett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Collett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*